Bergan, J.
(dissenting). The record demonstrates a manifest failure by the Court of Special Sessions to follow the requirements of subdivision 9 of section 31 of the former New York City Criminal Courts Act (now applicable to the Criminal Court of the City of New York, N. Y. City Crim. Ct. Act, § 33, subd. [8]). Whether this was a jurisdictional defect or an error of law, and the Appellate Division found it to have been both, that court’s decision to remit the case on defendant’s appeal was well within the area of its power.
The plea of guilty was addressed to a purported offense, disorderly conduct, constituting no part of the crimes charged in the original information, i.e., unlawful entry, petit larceny and *68 injury to property. The new charge, described as being “ Acceptable to the People ” by the Assistant District Attorney, was stated by the defendant’s lawyer, who moved to “ add a count to the information ”, merely to be “ disorderly conduct ”, and described by the Clerk as “ disorderly conduct, in that on February 25, 1961, in New York County, you tended to breach the peace ”. This is the record, and all of the record, on the acceptance of “ a plea of guilty to an offense not constituting a crime ” under subdivision 9 of section 31.
The provisions of that subdivision are cast in jurisdictional terms. The court “ shall have the power to accept a plea of guilty to an offense ” under two specified statutory conditions: (a) “when on the facts before the court such offense can be made out and (b) “ when the reasons for the recommendation are stated in open court and upon the record ”.
This provision was added to the former statute in 1955 and it seems clear that it was understood when enacted that it was to add a power to the Court of Special Sessions which some of the Justices had held it did not theretofore possess. (See memorandum of the District Attorney, N. Y. Legis. Annual, 1955, p. 49).
This provision differs from section 342-a of the Code of Criminal Procedure in two significant respects. In the first place it is provided by section 342-a that in ‘ ‘ any case where the court, upon the recommendation of the district attorney * * * accepts a plea * * * it shall be the duty of the district attorney to submit to the court a statement whereas subdivision 9 of section 31 provides that “ on the recommendation of the district attorney * * * the court * * * shall have the power to accept a plea ”. The latter is a grant of power based on a condition; the former is a description of a judicial act which has been accompanied by a recommendation in connection with which the District Attorney has a direct and additional duty.
The other significant difference is that subdivision 9 of section 31 is more than a mere matter of consent of the District Attorney. Even when there has been a ‘ ‘ recommendation ’ ’ of the District Attorney, there is an additional condition, i.e., “ when the reasons for the recommendation are stated in open court and upon the record. ’ ’
*69 This is a public and judicial requirement making the grounds for action available to the inspection or examination of anyone and it is not the requirement for the consent of the District Attorney alone which is involved, but the public interest in having the District Attorney disclose why the recommendation is made.
Even in respect of section 342-a, however, the holding in Matter of McDonald v. Sobel (297 N. Y. 679) was very precisely based on an absence of jurisdiction in the County Court resulting from a refusal of the District Attorney to consent to accept a plea to a lesser degree of crime. In the case before us the failure to follow the statute is at least as significant an omission as that in McDonald. Not only is the reason of the District Attorney for the recommendation absent from the record but there is the significant failure of the record to show “ facts before the court ” on which the offense “ can be made out
The decision in People v. D’Aula (1 N Y 2d 779), which was addressed to a coram nobis proceeding, must be regarded as limited in scope and when read with McDonald is no authority for the kind of proceedings followed here.
Entirely aside from the jurisdictional issue it must be apparent that with this kind of a record before it, deficient in respect of two significant statutory requirements, the Appellate Division, which had the responsibility for the supervision of the work at Special Sessions, was vested with the power to reverse the judgment even though entered on defendant’s plea, and such a reversal as this was not an error of law which would warrant reversal by this court.
The order should be affirmed.
Judges Dye, Fuld, Burke and Scileppi concur with Judge Van Voorhis ; Judge Bergan dissents in an opinion in which Chief Judge Desmond concurs.
Order of Appellate Division reversed and judgment of the then Court of Special Sessions reinstated in the Criminal Court of the City of New York.